Filed 7/3/14  P. v. Paz CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FELIX CAMELINO PAZ,<br><br>        Defendant and Appellant. | A140526<br><br>(Napa County<br>Super. Ct. No. CR167133) |

Defendant Feliz C. Paz appeals from a judgment following a jury verdict finding him guilty of unlawfully setting fire on forest land (Pen. Code, § 451, subd. (c)).[1]  The trial court sentenced him to the lower term of two years doubled because of a prior strike, plus a consecutive five-year term on a prior serious felony conviction enhancement, for a total sentence of nine years in state prison.  His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but did not file anything further.  Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgment.

### DISCUSSION

In August 2013, the Napa County District Attorney filed a criminal complaint against defendant, alleging one felony count of unlawfully and maliciously setting fire to

---

[1] All further statutory references are to the Penal code unless otherwise indicated.

a structure and forest land (§ 451, subd. (c)) and one felony count of unlawfully and recklessly causing a fire to a structure or forest (§ 452, subd. (c)).  It was further alleged defendant had suffered a prior "strike" conviction (§ 667, subds. (b)–(i)) and a prior serious felony (§ 667, subd. (a)(1)).

At the preliminary hearing, Deputy Sheriff Jon Thompson testified he received a call of a suspected arson fire and an individual fleeing the area.  As he approached the area of the fire in his patrol car, he saw defendant carrying a backpack and walking up an embankment toward the roadway.  He estimated he was, at that point, about 1,000 to 2,000 yards from the field that was on fire.  He ordered defendant to the ground and handcuffed him.  Defendant was speaking rapidly and somewhat incoherently about having lighter fluid that was flame retardant, "believing in his name" so "he would not try to blow up the world," and "Jesus and the devil."  After defendant was placed in the patrol car, Thompson spoke with a witness who had walked past the area, which was not then on fire, saw defendant talking and singing to himself, then heard a strange sound and returned to the area, and saw defendant now standing over a fire.  No one else was in the area.  The witness called 911 and saw defendant walk in the direction of the highway where Thompson had found him walking up the incline.  The witness accompanied Thompson to the patrol car, and before Thompson could complete an identification admonition, the witness blurted out he was "100 percent sure" defendant was the person he had seen in the field.  Fire Captain William Laird testified he conducted the fire origin and cause determination.  Out of the 11 origin classes, he eliminated all but arson.  He cited the witness and the fact a can of lighter fluid was found, although he did not determine the exact ignition source.  The fire burned no more than a quarter of an acre. The trial court ruled a sufficient showing had been made to hold defendant for trial.

The district attorney thereafter filed a two-count information, charging defendant with arson of a structure or forest (§ 451, subd. (c)) and recklessly causing a fire (§ 452, subd. (c)).  It was further alleged defendant had suffered a prior strike conviction (§ 667, subds. (b)–(i)) and a prior serious felony (§ 667, subd. (a)(1)).

2

Prior to trial, defendant made a section 995 motion seeking to dismiss the information or, alternatively, count 1. The trial court denied the motion.

Jury trial commenced October 28, 2013. At the outset, the court held an Evidence Code section 402 hearing on whether defendant was given a *Miranda* advisement[2] and, if not, whether any of his statements would be admissible. Deputy Thompson testified defendant was given a *Miranda* advisement after Thompson had spoken to the witness and returned to the patrol car in which defendant had been placed. Defendant said he understood. At that point, Thompson asked if he had started the fire. Defendant then talked about running through a corn field, "believing in his name," he would not have started the fire, but the officers "didn't believe" in their names and "tried to destroy the earth, and "Jesus was looking into his eyes." Before that, when he had been ordered to the ground, and before the officers asked him anything, defendant also babbled about not starting the fire, that he had lighter fluid which was really fire retardant, and he "had seen Jesus." The court ruled that while defendant had been detained, there was no interrogation until after he was given *Miranda* warnings.

The prosecution first called Ramon Delaat, the witness who had been walking in the area of the fire. He worked in the vineyards and saw defendant several times that evening before hearing "crackling." He returned again to the area and saw defendant standing by and watching a fire. Delaat yelled out. Defendant picked up his bag and walked away. No one else was in the area. Delaat then called 911. An ambulance responded and was following defendant as a Sheriff's car pulled up. He positively identified defendant after defendant had been arrested. Larry Cardwell, a paramedic with the ambulance, also testified, corroborating Delaat's testimony that he had flagged down the ambulance and pointed them in defendant's direction. Calfire engineer Shane McDonagh testified about the engine response and confirmed information from the ambulance crew that they had spoken to a witness and had sight of an individual leaving the area. He also testified to finding a Zippo lighter fluid container at the scene of the

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

3

fire. Deputy Sheriff Thompson testified as he had at the preliminary hearing. Deputy Sheriff Erik Fisher testified to finding a lighter and a pack of cigarettes when he searched defendant. Fisher also testified to defendant's statements at the time he was detained, including that he had "flame retardant lighter fluid." Fisher did not, however, find lighter fluid on defendant during the search. Fisher was able to demonstrate the can of Zippo lighter fluid recovered during the arson investigation fit into the lighter he found on defendant's person. Fire Captain Laird also testified as he had at the preliminary hearing.

The jury returned a guilty verdict on count 1, and as instructed, did not return a verdict on count 2, a lesser included offense. Defendant having waived his right to a jury trial on the enhancements, the trial court thereafter found the alleged enhancements to be true.

In his sentencing memorandum, defendant made a *Romero* motion,[3] asking the court to strike the prior serious felony. He further urged the low term of two years should be imposed, acknowledging the court would also have to impose an additional five years for the section 677, subdivision (a) prior, with execution of sentence stayed so defendant could be placed on probation on the condition he participate in the Mental Health Court. Defendant, himself, interjected he simply wanted to do the time and be done with the matter, commenting he "thought this man [defense counsel] was gonna get me off." Defendant was then allowed to address the court and did so.

The court denied defendant's *Romero* motion and sentenced him to a total of nine years (the low term of two years on the offense, doubled to four years, plus an additional five years on the prior convictions). The trial court additionally found defendant in violation of his probation in a trailing matter, and imposed 180 days to run concurrently.

Throughout the proceedings, defendant was ably represented by counsel. Defendant was duly admonished as required in connection with his waiver of jury trial on the enhancement allegations. The trial court did not abuse its discretion in connection with evidentiary rulings, including the *Miranda* ruling, and properly instructed the jury.

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

4

The court also did not abuse its discretion in denying defendant's *Romero* motion or in sentencing defendant. The court duly set forth on the record the sentencing factors considered, and imposed applicable fines (waiving those subject to waiver) .

## DISPOSITION

After a full review of the record, we find no arguable issues and affirm the judgment.

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Dondero, J.

5